■ In the Matter of the MARY CHAMBERLAIN TRUST, Appellant, v ROBERT M. LITKE, as Commissioner of the New York City Department of General Services, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the City of New York from entering into any lease or otherwise disposing of a certain parcel of real property without first offering it to the petitioner Mary Chamberlain Trust at fair market value, the petitioner appeals from a judgment of the Supreme Court, Queens County (Lonschein, J.), dated February 5, 1987, which granted the respondent's motion to dismiss the petition for failure to state a cause of action.

Ordered that the judgment is affirmed, with costs.

In the instant action the petitioner's property was condemned by the City of New York in February of 1971 for the purpose of constructing a new courthouse for the New York City Civil Court. Thereafter, at auctions held on January 7, 1982, and March 27, 1986, the city attempted to lease the subject property, apparently having abandoned its plan to build a courthouse on the subject parcel. In April 1986 the petitioner commenced the instant proceeding against the City of New York to prohibit the city from entering into any lease or otherwise disposing of the property without providing the petitioner with a right of first refusal pursuant to EDPL 406 (A). The City of New York then moved under CPLR 7804 (f) to dismiss the petition for failure to state a cause of action. The Supreme Court granted the motion, holding that the auction of leaseholds does not constitute a "disposition" of property within the meaning of EDPL 406 (A).

As a rule, in the construction of statutes the legislative intent is to be determined from the words and language used, taken in conjunction with the canons of statutory interpretation and the surrounding circumstances *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 94). A construction should be avoided which would be inimical to the public policy underlying the statute or would conflict with the legislative intent that is apparent in the language of the statute as a whole or could as a practical matter frustrate the very purpose of the legislation *(see, Matter of Capital Newspapers v Whalen,* 69 NY2d 246, 251). Given the plain meaning of the statutory phrase "dispose of" and the legislative history of the statute, EDPL 406 (A) does not provide a condemnee with a right of first refusal when a condemnor attempts to auction a leasehold in a previously condemned parcel of real property. Therefore, the Supreme Court properly dismissed the petitioner's claim for failure to state a cause of action. Mangano, J. P., Thompson, Bracken and Spatt, JJ., concur.